# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ryan Abair,<br><br>v.<br><br>Temu,<br><br>PLAINTIFF(S)<br>DEFENDANT(S) | CASE NUMBER<br><br>5:24-cv-01153-PSG-MRW<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

> It is unclear from the Request how Plaintiff can afford to live and pay for daily expenses if he is unemployed, has no money in his accounts, and has no other source of income. *See, e.g., GMS Liberty LLC v. Hib*, 2018 WL 1150839, at *1 (S.D. Cal. Mar. 2, 2018) (IFP denied because plaintiff failed to explain how he managed to pay for expenses while alleging he had no income of any kind); *Holland v. Lake Cnty. Mun. Gov't*, 2013 WL 2456105, at *2 (N.D. Ind. June 6, 2013). Additionally, Plaintiff failed to completely answer question 1b.

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

    ☒ The District Court lacks  ☒ subject matter jurisdiction ☐ removal jurisdiction.
    ☐ The action is frivolous or malicious.
    ☒ The action fails to state a claim upon which relief may be granted.
    ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| June 24, 2024 | *[signature]* |
| Date | United States District Judge |

A plaintiff in a civil action "bears the burden of establishing subject matter jurisdiction." *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). Additionally, a complaint may be dismissed for: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient facts alleged under a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

The jurisdiction sections on Plaintiff's form complaint and civil cover sheet are blank. (Dkt. # 1 at 1; Dkt. # 1-1 at 1). Further, Plaintiff nonsensically states that venue is appropriate pursuant to "collect damages," and his statement of facts simply indicates "company stole my design and sold it and refuse [sic] to compensate me for my work." (Dkt. # 1 at 3-4). This is insufficient to apprise the Court of its jurisdiction, venue, standing, the relevant facts, or any discernible information from which a cognizable claim for relief can be gleaned. *See Ashoff*, 130 F.3d at 410; *Robertson*, 749 F.2d at 533-34; *Emrit v. Horus Music Video Distribution*, No. CV 20-00007 JMS-RT, 2020 WL 1822597, at *2 (D. Haw. Apr. 10, 2020) (complaint that fails to make any suggestion that it requires resolution of a substantial disputed federal copyright issue insufficient to establish federal-question jurisdiction).

Accordingly, this action is **DISMISSED** without leave to amend and without prejudice. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice."); *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 990 (9th Cir. 2008) (holding amendment is futile where plaintiff could not plead subject matter jurisdiction).

In light of this dismissal, the request to proceed *in forma pauperis* (Dkt. # 2) is **DENIED**, and all other pending matters are **TERMINATED**.

*(attach additional pages if necessary)*